[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 23, 2005
THOMAS K. KAHN
CLERK

No. 04-16602
Non-Argument Calendar

_____

D. C. Docket No. 04-60182-CR-JIC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OLAN MARSH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 22, 2005)

Before TJOFLAT, ANDERSON and DUBINA, Circuit Judges.

PER CURIAM:

Olan Marsh appeals his 188-month sentence for conspiracy to distribute and

to possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846. Marsh's presentence investigation report ("PSI") was revised ("RPSI") on December 6, 2004, four days prior to his sentencing hearing on December 10th. According to the RPSI, the career offender provision of U.S.S.G. § 4B1.1 applied because Marsh had 3 felony convictions for controlled substance offenses and a crime of violence, consisting of battery on a law enforcement officer ("BLEO").

On appeal, Marsh argues that he was advised by his attorney, Humberto Dominguez, that his prior conviction for BLEO would not be used as the basis for a § 4B1.1 enhancement. Marsh further argues that the silence of his written plea agreement as to the issue of whether he would be subject to a career offender enhancement, along with his understanding that there would not be such an enhancement, created an "ambiguity in the understanding of the parties as to what the entire agreement was about." According to Marsh, we have not yet determined whether, under Florida law, BLEO is a crime of violence, but, according to Florida statutes, BLEO "is not, per se, a crime of violence." Marsh argues that, contrary to the Supreme Court's decision in Shepard v United States, ___ U.S. ___, 125 S.Ct. 1254, 1259-1263, 161 L.Ed.2d 205 (2005), the sentencing court erred by considering the facts of his state battery conviction to determine whether it was a crime of violence. Marsh also argues that the sentencing court should not have considered the RPSI, as (1) it was "filed out of time," (2) the government had not

2

objected to the provisions that were lacking in the original PSI, and (3) his guilty plea was "predicated upon a sentence being imposed without a Chapter Four enhancement."

"The district court's factual findings on the scope of [a plea] agreement will be set aside only if they are clearly erroneous." United States v. Copeland, 381 F.3d 1101, 1105 (11th Cir. 2004). A written plea agreement should be "viewed against the background of the negotiations and should not be interpreted to directly contradict an oral understanding." Id. (internal quotations and citation omitted). Only if the language of the agreement is ambiguous, however, should the court consider parol evidence. Id. Where we determine that the language of the agreement is unambiguous, we are "limited to the unambiguous meaning of the language." Id. at 1106.

As an initial matter, Marsh cites no authority to support his contentions that the sentencing court should not have considered the RPSI because (1) it was untimely, and (2) the government had not objected to the omission of the career offender enhancement in the original PSI. Because the language of Marsh's plea agreement was unambiguous, and nothing in the plea agreement suggests that the government waived the application of a career offender enhancement, the district court did not clearly err as to its factual findings regarding the scope of the plea agreement. See Copeland, 381 F.3d at 1105.

3

Marsh failed to raise his Shepard argument in either his objections to the RPSI, or at the sentencing hearing, on December 10, 2004,[1] Accordingly, we typically would review the claim only for plain error. See United States v. Shelton, 400 F.3d 1325, 1328 (11th Cir. 2005). To satisfy the plain-error standard, we must find that (1) the district court committed "error," (2) the error was plain, and (3) the error "affected substantial rights." Id. at 1328-29. If these criteria are met, we may, in our discretion, correct the plain error if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." Id. at 1329. Plain error review is unavailable, however, in cases where a criminal defendant 'invites' the error of which he complains. United Sates v. Silvestri, 409 F.3d 1311, 1327 (11th Cir. 2005).

Because Marsh "invited" the district court to consider the conduct underlying his prior conviction, in determining whether BLEO qualified as a "crime of violence," thereby causing the district court to commit the error of which he now complains, plain error review is not available to him. Accordingly, we affirm Marsh's sentence.

**AFFIRMED.**[2]

---

[1] Shepard was argued on November 8, 2004, and decided on March 7, 2005. See Shepard, ____ U.S. at ____, 125 S.Ct. at 1254.

[2] Marsh's request for oral argument is denied.